FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 09 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| TERRA EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4-10-CV-0572 JMM |
| ) | |
| CHECK LAW RECOVERY ) | |
| SYSTEMS, INC., ) | This case assigned to District Judge _____ |
| ) | and to Magistrate Judge _____ |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, TERRA EVANS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CHECK LAW RECOVERY SYSTEMS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TERRA EVANS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Maumelle, County of Pulaski, State of Arkansas.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to U.S. Bank.

6. The debt that Plaintiff allegedly owed U.S. Bank was a credit card bill and/or personal loan that was incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CHECK LAW RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Arkansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about March 22, 2010, Plaintiff engaged in multiple telephone calls with Martha, a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to U.S. Bank.

15. During the course of the aforementioned telephone calls, Defendant inquired if Plaintiff wanted to enter into a payment plan in relation to the debt she allegedly owed.

16. In response to Defendant's inquiry, Plaintiff advised Defendant that she would not enter into a payment plan for the debt she allegedly owed unless and until she received documentation from Defendant verifying that she owed the debt.

17. During the course of the aforementioned telephone calls, Plaintiff requested that Defendant send her documentation verifying the debt she allegedly owed. Plaintiff also requested that Defendant send her documentation verifying the amount of the aforesaid debt.

18. In response to Plaintiff's requests, Defendant informed Plaintiff that it had no documentation in its possession regarding the debt that Plaintiff allegedly owed. Defendant stated it only knew the amount of the debt that Plaintiff was allegedly obligated to pay U.S. Bank.

19. During the course of the aforementioned telephone calls between Plaintiff and Defendant, Defendant told Plaintiff that if she wanted to obtain documentation verifying the debt then Plaintiff would have to request such documentation directly from U.S. Bank.

20. The aforementioned statements made to Plaintiff had the effect of conveying to an unsophisticated consumer that a consumer is responsible for obtaining documentation to verify the debt they allegedly owe.

21. The aforementioned statements made to Plaintiff had the effect of conveying to an unsophisticated consumer that a debt collector is not responsible for providing a consumer with documentation to verify the debt they allegedly owe.

22. The aforementioned statements caused Plaintiff to believe that she had to contact U.S. Bank to obtain documentation to verify the debt she allegedly owed. As a result of Plaintiff's aforementioned beliefs, in or around March 2010, Plaintiff initiated several telephone calls directly to U.S. Bank in an attempt to obtain such documentation.

23. Despite the aforementioned attempts by Plaintiff to obtain documentation from U.S. Bank, Plaintiff was unable to successfully obtain documentation to verify the debt she allegedly owed U.S. Bank.

24. On or about April 8, 2010, Plaintiff received a telephone call from a duly authorized representative of Defendant who informed Plaintiff that she was a supervisor. Plaintiff again inquired if Defendant had obtained the documentation she requested that would verify the debt she allegedly owed.

25. During the aforementioned telephone conversation between Plaintiff and Defendant, Defendant told Plaintiff that it did not possess the verification documents that Plaintiff had requested. Defendant told Plaintiff that typically individuals such as Plaintiff had to contact the creditor directly in order to obtain documentation regarding a debt.

26. The Defendant's aforementioned statements had the effect of conveying to an unsophisticated consumer that a consumer was required to contact a creditor to obtain documentation to verify the debt that was allegedly owed.

4

27. Defendant's statements as aforementioned were false, deceptive and/or misleading in that they were in direct contradiction to a debt collector's obligation to provide the consumer with written confirmation of the debt, pursuant to the FDCPA, 15 U.S.C. §1692g(a).

28. To date, Defendant has not provided to Plaintiff written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29. In its attempts to collect the debt allegedly owed by Plaintiff to U.S. Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   c. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TERRA EVANS, by and through her attorneys, respectfully prays for judgment as follows:

   a.   All actual compensatory damages suffered;

b.   Statutory damages of $1,000.00;

c.   Plaintiff's attorneys' fees and costs;

d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
TERRA EVANS

By: _____
David M. Marco
Attorney for Plaintiff

Dated: May 24, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithlaw.us